IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| HEALTHY COMPANION CORP., a Nevada corporation, PALA-TECH LABORATORIES INC., a Nebraska corporation, QUALITY ANIMAL CARE MANUFACTURING, INC., a Nebraska corporation,<br><br>Plaintiffs,<br><br>v.<br><br>RAYMOND L. COOPER, Individually,<br><br>Defendant/Third Party Plaintiff,<br><br>v.<br><br>DANIEL BOLTON, Individually,<br><br>Third Party Defendant. | Case No.  4:14-cv-3176-JMG-CRZ<br><br><br>**STIPULATED PROTECTIVE ORDER** |

WHEREAS, discovery in the above-captioned action may involve the production of documents and information which the parties claim to be confidential and the parties desire to pursue discovery with a minimum of delay and expense.

Pursuant to Federal Rules of Civil Procedure and in the interest of efficiency and judicial economy, particularly in the interest of avoiding significant ancillary litigation of discovery issues relating to confidential commercial and/or proprietary information, the undersigned Plaintiffs, Defendant/Third-Party Plaintiff and Third-Party Defendant do hereby stipulate and agree to this protective order and the procedures set forth herein for designating and protecting confidential commercial and/or proprietary information. The Parties stipulate as follows:

1.      This Stipulated Protective Order ("Order") shall apply to and govern all depositions, documents, information or things disclosed or produced in response to a party's informal request, requests for production of documents, answers to interrogatories, responses to

requests for admissions and all other discovery taken under the Federal Rules of Civil Procedure, and other information which the disclosing party designates as "CONFIDENTIAL," furnished, directly or indirectly, by or on behalf of any party or any non-party in connection with the above-captioned litigation.

2. When used in this Order, the phrase "disclosing party" shall refer to the parties to the above-captioned litigation or to non-parties who give testimony or produce documents or other material.

3. When used in this Order, the word "document" encompasses, but is not limited to, any type of document or testimony, including all documents or things described in Federal Rule of Evidence 1001(a)-(e) and/or Rule 34(a)(1)(A) or (B).

4. The disclosing party who designates any material "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" (sometimes referred to herein as a "designating party") bears the burden of establishing the "CONFIDENTIAL" status of such material in any situation in which the designation is at issue, and nothing in this Order shall be construed to alter such burden. The parties enter into and stipulate to this Order without prejudice to the rights of any party to assert or contest the "CONFIDENTIAL" status of any material as set forth below.

5. A disclosing party may designate as "CONFIDENTIAL" any trade secret or other confidential research, development, or commercial information, as such terms are used in Rule 26(c)(1)(G) and any applicable case law interpreting Rule 26(c)(1)(G).  In addition, a disclosing party may designate as "CONFIDENTIAL" non-public personal information or other information for which applicable federal or state law requires or allows confidential treatment. A disclosing party may designated information as "CONFIDENTIAL-ATTORNEYS' EYES

ONLY" if the designating party reasonably believes that such materials and such information are so confidential that their dissemination should be limited to those persons described in Paragraph 9 below.

6. In designating material as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY," a disclosing party shall make such a designation only as to material which it in good faith believes is confidential.

7. Any party or non-party receiving any non-public material from a disclosing party, regardless of whether such material is designated as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY," shall use that material solely for the purpose of conducting this litigation, pending in the United States District Court for the District of Nebraska, captioned *Healthy Companion Corp., et. al v. Raymond L. Cooper v. Daniel Bolton*, Case No. 14-cv-3176, and not for any other purpose whatsoever. However, the foregoing shall not limit any party who is also an officer, director, or shareholder in any of the named companies from exercising or fulfilling the legal rights, duties, and obligations attendant to those positions.

8. In the absence of written permission from the disclosing party, or an order of the Court, material designated as "CONFIDENTIAL" may be disclosed only to the following persons:

   (a) The attorneys and their support staff working on the above-captioned litigation on behalf of any party;

   (b) The named parties, including designated company representatives Dan Bolton and Echo Bell for Plaintiffs and individuals consulting with or advising any party to the above-captioned litigation, stenographic and clerical employees and contractors

3

working under the direct supervision of counsel, all of which shall sign the "ACKNOWLEDGMENT" attached hereto as <u>Exhibit "A;"</u>

(c)     Any expert or consultant who is expressly retained by any attorney described in Paragraph 8(a) to assist in the above-captioned litigation, with disclosure only to the extent reasonably necessary to perform such work, which expert or consultant shall sign the "ACKNOWLEDGMENT" attached hereto as <u>Exhibit "A;"</u>

(d)     Any fact witness, including named parties, provided, however, that the witness (i) shall be permitted to use any documents marked as "CONFIDENTIAL" only in preparation for and during depositions, hearings and trial, (ii) shall be informed, prior to being shown materials marked as "CONFIDENTIAL" that he/she is being shown such materials solely for use in this litigation and (iii) shall sign the "ACKNOWLEDGMENT" attached hereto as <u>Exhibit "A;"</u>

(e)     Any individual who either prepared the document or is identified on the face of the document as an addressee or copy addressee;

(f)     Any other person upon order of the Court or upon prior written consent of the disclosing party; and

(g)     The Court, jury, court personnel, court reporters, and other persons connected with the Court.

9.     In the absence of written permission from the disclosing party, or an order of the Court, material designated as "CONFIDENTIAL-ATTORNEYS' EYES ONLY" may be disclosed only to the following persons:

(a)     The attorneys and their support staff working on the above-captioned litigation on behalf of any party;

      (b)     Any expert or consultant who is expressly retained by any attorney described in Paragraph 8(a) to assist in the above-captioned litigation, with disclosure only to the extent reasonably necessary to perform such work, which expert or consultant shall sign the "ACKNOWLEDGMENT" attached hereto as <u>Exhibit "A</u>;"

      (c)     Any other person upon order of the Court or upon prior written consent of the disclosing party; and

      (d)     The Court, jury, court personnel, court reporters, and other persons connected with the Court.

      10.     The persons described in Paragraphs 8(a)-(f) and 9(a)-(d) shall have access to "CONFIDENTIAL" and/or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" material only after they have been made aware of the provisions of this Order (including, without limitation, Paragraph 7). Counsel shall retain copies of the signed "ACKNOWLEDGMENT" forms until the completion of the above-captioned litigation. Any person receiving "CONFIDENTIAL" and/or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" material is enjoined from disclosing that material to any other person, except in conformance with this Order. The parties shall act in good faith to eliminate, whenever possible, the expenditure of "on the record" time to effectuate or confirm compliance with this Paragraph at any deposition.

      11.     A list shall be maintained by counsel for the parties hereto of the names of all persons, except for counsel and their support personnel, to whom any "CONFIDENTIAL" and/or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" material is disclosed, or to whom the information contained therein is disclosed. Upon a good faith showing by a party that this Order has been violated, the Court may review such lists if necessary and appropriate to address or resolve the purported violation.

12. This Court shall retain jurisdiction over this Order, including any proceedings relating to performance under or compliance with the Order. Individuals who receive "CONFIDENTIAL" and/or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" material shall be subject to this Order and to the jurisdiction of this Court concerning this Order.

13. The recipient of any "CONFIDENTIAL" and/or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" material that is provided under this Order shall maintain such material in a secure and safe area and shall exercise the same standard of due and proper care with respect to the storage, custody, use and/or dissemination of such material as is exercised by the recipient with respect to its own proprietary material. "CONFIDENTIAL" material shall not be copied, reproduced, summarized, extracted or abstracted, except to the extent that such copying, reproduction, summarization, extraction or abstraction is reasonably necessary for the conduct of this lawsuit. All such copies, reproductions, summarizations, extractions, and abstractions shall be subject to the terms of the Order and labeled in the same manner as the designated material on which they are based.

14. Disclosing parties shall designate "CONFIDENTIAL" and/or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" material as follows:

(a) In the case of documents, interrogatory answers, responses to requests for admissions, and the information contained therein, designation shall be made, as appropriate under the terms of this Stipulation and Order, by placing the following legend on each page of any such document: "CONFIDENTIAL" and/or "CONFIDENTIAL-ATTORNEYS' EYES ONLY." In the event that a disclosing party inadvertently fails to stamp or otherwise designate a document or other material as "CONFIDENTIAL" and/or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" at the time of its production, that

disclosing party may stamp or otherwise designate the document or other material as "CONFIDENTIAL" and/or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" at any reasonable time thereafter. The delay in designating a document as "CONFIDENTIAL" and/or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" shall not, in and of itself, be deemed to have effected a waiver of any of the protections of this Order, but such document or other material shall be treated as "CONFIDENTIAL" and/or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" only beginning at the time such designation occurs, provided, however, that the foregoing provision shall not apply to any documents or material that had already been made publicly available prior to the designation.

(b)  "CONFIDENTIAL" and/or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" material may be used in depositions. Designation of the portion of the deposition transcript (including exhibits) that contains "CONFIDENTIAL" and/or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" material shall be made by a statement to such effect on the record in the course of the deposition or, upon review of such transcript, by the disclosing party or counsel for the disclosing party to whose "CONFIDENTIAL" and/or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" material the deponent has had access, which shall be so designated within twenty one (21) days after the deposition transcript is provided to the Parties. Prior to the Parties receiving a copy of the transcript, the entire deposition transcript, including exhibits, shall be deemed "CONFIDENTIAL and/or "CONFIDENTIAL-ATTORNEYS' EYES ONLY"."

(c)  Any "CONFIDENTIAL" and/or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" material produced in a non-paper media (*e.g.*, videotape, audiotape,

computer disc, etc.) may be designated as such by labeling the outside of such non-paper media as "CONFIDENTIAL" and/or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" and producing this material in a sealed envelope. In the event a receiving party generates any electronic copy, "hard copy," transcription, or printout from any such designated non-paper media, such party must treat each copy, transcription, or printout as "CONFIDENTIAL" pursuant to the terms of this Order.

15. Nothing in this Order shall be taken as indicating that any information is in fact "CONFIDENTIAL" and/or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" or entitled to confidential treatment. No party shall be obligated to challenge the propriety of a "CONFIDENTIAL" and/or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" designation at the time made, and a failure to do so shall not preclude a subsequent challenge thereto, nor shall a party that has designated materials or information as "CONFIDENTIAL" and/or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" contend that any delay by another party in objecting to the designating party's "CONFIDENTIAL" and/or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" designation in any way (a) lends support to the designating party's "CONFIDENTIAL" and/or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" designation or (b) invalidates or diminishes in any way the objecting party's challenge of the "CONFIDENTIAL" and/or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" designation for any such materials or information. In the event that any party disagrees at any stage of these proceedings with such designation, counsel for such party shall notify counsel for the disclosing party in writing (the "Notice"). The objecting party shall identify each particular document bearing a designation to which it objects and shall specify the reason(s) for the objection, provided that the party challenging the "CONFIDENTIAL" and/or "CONFIDENTIAL-

ATTORNEYS' EYES ONLY" designation may identify multiple documents by Bates number (whether in a range of consecutive numbers or otherwise) in its Notice when the reason or reasons for challenging the "CONFIDENTIAL" and/or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" designation apply in the same manner to the documents identified in the Notice. Within seven (7) calendar days of the receipt of the Notice, counsel for the parties (and any non-party involved) shall promptly schedule a date and time to meet and confer to attempt to resolve such dispute in good faith on an informal basis consistent with the requirement to confer in good faith under Rule 26(c)(1) and Rule 37(a)(1). If the dispute cannot be resolved, the party that designated the materials in question as "CONFIDENTIAL" and/or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" may request appropriate relief from the Court, and the objecting party may also request any relief from the Court that it deems appropriate (which shall have first been raised no later than during the parties' meet and confer session(s)) in its opposition to the designating party's motion or other proposed method of seeking relief from the Court. The materials in question shall retain their "CONFIDENTIAL" and/or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" status until the Court rules on any such motion so long as the party that designated the materials in question as "CONFIDENTIAL" and/or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" seeks relief from the Court within: (i) thirty (30) days of the date the parties initially met and conferred, if the disagreement pertains to fewer than ten documents; or (ii) forty five (45) days of the date the parties initially met and conferred, if the disagreement pertains to ten or more documents. The parties (and any non-party involved) may agree to extend the time for the disclosing party to apply to the Court for relief. If the designating party does not apply to the Court for a ruling on the designation of discovery material as "CONFIDENTIAL" and/or "CONFIDENTIAL-ATTORNEYS' EYES ONLY"

within the time period prescribed herein or agreed to by the parties, the discovery material will no longer be deemed "CONFIDENTIAL and/or "CONFIDENTIAL-ATTORNEYS' EYES ONLY"." The designating party may request a telephonic hearing with respect to the "CONFIDENTIAL" status of materials.

Nothing in this Order shall alter the burden on the disclosing party to establish the "CONFIDENTIAL" and/or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" status of information it has so designated.

16. Documents containing "CONFIDENTIAL" and/or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" material shall not be filed with the Court unless the filing party reasonably believes it is necessary to do so for purposes of trial, motions (including without limitation, motions for preliminary injunction or summary judgment) or other Court matters. A party seeking to file "CONFIDENTIAL" and/or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" material must follow the procedures set forth in NECivR 7.5 or NECivR 5.3(c) so that they are filed under seal or with restricted access.

17. In the event that any "CONFIDENTIAL" and/or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" material is used in any Court proceeding in connection with this litigation, it shall not lose its "CONFIDENTIAL" and/or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" status through such use, and the parties shall take all steps reasonably required to protect its confidentiality during such use. In particular, while a motion to seal is pending and before the Court has ruled, no party shall make use in open court of any documents that are subject to that motion to seal without the consent of the designating party or the permission of the Court.

18. If "CONFIDENTIAL" and/or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" material is disclosed to any person other than in the manner authorized by this Order, the person or party responsible for the disclosure must seasonably bring all pertinent facts relating to such disclosure to the attention of all attorneys of record in the above-captioned action and, without prejudice to any other rights and remedies of the parties or non-parties, make every effort to prevent further disclosure by it or by the person who was the recipient of such material.

19. Nothing in this Order shall preclude any parties or non-parties to the lawsuit or their attorneys (a) from showing a document or part of a document designated as "CONFIDENTIAL" and/or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" to an individual who either prepared the document or is identified on the face of the document as an addressee or copy addressee, or (b) from disclosing or using, in any manner or for any purpose, any material or documents from the disclosing party's own files which the disclosing party itself has designated as "CONFIDENTIAL and/or "CONFIDENTIAL-ATTORNEYS' EYES ONLY"."

20. In the event any receiving party having possession, custody or control of any "CONFIDENTIAL" and/or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" material receives a subpoena, request for production of documents, or other process or order to produce such material in another, unrelated legal proceeding, from a non-party to the above-captioned litigation, such receiving party shall:

    (a) give prompt written notice of the subpoena, request for production of documents, or other process or order to counsel for the disclosing party that designated the material as "CONFIDENTIAL" and/or "CONFIDENTIAL-ATTORNEYS' EYES ONLY";

11

    (b)  furnish counsel for that disclosing party with a copy of said subpoena, request for production of documents, or other process or order; and

    (c)  cooperate with respect to all reasonable and legitimate procedures sought to be pursued by the disclosing party whose interests may be affected.

The disclosing party asserting the "CONFIDENTIAL" and/or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" treatment shall have the burden of defending against such subpoena, process or order. The party receiving the subpoena, request for production of documents, or other process or order shall be entitled to comply with it except to the extent the disclosing party asserting the "CONFIDENTIAL" and/or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" treatment is successful in obtaining an order modifying or quashing the subpoena, request for production of documents, or other process or order, provided, however, that the party receiving the subpoena, request for production of documents, or other process shall await the disposition of any motion to quash or motion for a protective order timely filed by the disclosing party before producing any "CONFIDENTIAL" and/or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" information in response to the subpoena, request for production of documents, or other process or order unless a court orders compliance with the subpoena, request for production or other process, or unless awaiting the disposition of any motion to quash or motion for protective order may subject the party receiving the discovery request to sanctions or being held in contempt of court.

  21.  The inadvertent production in the course of discovery in the above-captioned litigation of any documents or material (whether designated as "CONFIDENTIAL" and/or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" or not) shall not be deemed to waive whatever attorney client privilege, work product protection or other privilege or immunity that

would otherwise attach to those documents or material produced or to other documents or material, so long as the disclosing party notifies the other party or parties of the claim of privilege or other protection or immunity. Upon receipt of such notice, all other parties shall (regardless of whether they agree with the disclosing party's claim of privilege or protection) promptly:

    (a)    destroy or segregate all copies of the inadvertently produced documents or material in such party's possession, custody, or control, and notify the disclosing party that it has done so; and

    (b)    notify the disclosing party that reasonable steps have been taken to retrieve and/or destroy the inadvertently produced documents or material from other persons to whom such documents or material have been provided, if any, consistent with Rule 26(b)(5)(B). Compliance with this Paragraph 21 does not, and shall not be deemed to, constitute agreement that the claimed document or material is in fact privileged or entitled to protection or immunity.

22.    The parties shall comply with their ethical and legal obligations concerning the actual or apparent inadvertent production of privileged or protected information, including by notifying promptly a disclosing party when appropriate.

23.    Within sixty (60) days of the termination of litigation between the parties, including final appellate action or the expiration of time to appeal or seek further review, all "CONFIDENTIAL" and/or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" material produced by a disclosing party, and all copies thereof, shall (at the request of the disclosing party) be returned to the disclosing party or destroyed. If destroyed, counsel shall certify the destruction and provide a copy of the certification to the disclosing party. Counsel for each

disclosing party shall be entitled to retain all pleadings, motion papers, other court filings (excluding materials designated as "CONFIDENTIAL" and/or "CONFIDENTIAL-ATTORNEYS' EYES ONLY"), legal memoranda, correspondence and work product.

24. Except as specifically provided herein, the terms, conditions, and limitations of this Order shall survive the termination of the above-captioned litigation.

25. This Order is without prejudice to the right of any party or non-party to seek relief from the Court from any of the provisions contained herein.

26. This Order shall not be construed as waiving any right to assert a claim of privilege, relevance, overbreadth, burdensomeness or other grounds for not producing material called for, and access to all material (whether designated as "CONFIDENTIAL" and/or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" or not) shall be only as provided by the discovery rules and other applicable law.

27. The parties will abide by all Court orders and statutory provisions (including applicable law and/or court orders concerning such provisions) concerning the eligibility of each party to receive documents or other material through discovery. Any party that is eligible to receive such documents or material shall not provide any documents or material, or information that is contained in or derived from such documents or material, to any other party unless the other party also is eligible to receive such documents or material. Nothing in this Paragraph, however, shall be read to prevent the parties from filing documents in support of or in opposition to motions in this Court.

February 17, 2015.                                    BY THE COURT:

                                                      _____
                                                      Cheryl R. Zwart
                                                      United States Magistrate Judge

Dated this 16th day of February, 2015.

| | |
|---|---|
| HEALTHY COMPANION CORP., a Nevada corporation, PALA-TECH LABORATORIES INC., a Nebraska corporation, and QUALITY ANIMAL CARE MANUFACTURING, INC., a Nebraska corporation, Plaintiffs/Counterclaim-Defendants, | RAYMOND L. COOPER, Defendant/Counter-Claimant/Third-Party Plaintiff, |
| By: s/ Brian J. Koenig<br>    Brian J. Koenig, #23807<br>    John V. Matson, #25278<br>    KOLEY JESSEN P.C., L.L.O.<br>    One Pacific Place, Suite 800<br>    1125 South 103rd Street<br>    Omaha, NE 68124-1079<br>    (402) 390-9500<br>    (402) 390-9005 (facsimile)<br>    Brian.koenig@koleyjessen.com<br>    John.Matson@koleyjessen.com | By: s/ Sheila A. Bentzen<br>    Robert L. Nefsky, #15449<br>    Sheila A. Bentzen, #25020<br>    REMBOLT LUDTKE LLP<br>    1128 Lincoln Mall, Suite 300<br>    Lincoln, NE 68508<br>    Omaha, NE 68124-1079<br>    (402) 475-5100<br>    (402) 475-5087 (facsimile)<br>    rnefsky@remboltlawfirm.com<br>    sbentzen@remboltlawfirm.com |
| Attorneys for Plaintiffs/Counterclaim-Defendants | Attorneys for Defendant/Counter-Claimant Third-Party Plaintiff |

DANIEL BOLTON, Third-Party Defendant,

By: s/ Scott D. Jochim
    Scott D. Jochim, #21956
    CROKER, HUCK, KASHER, DEWITT,
    ANDERSON & GONDERINGER, L.L.C.
    2120 South 72nd Street, Suite 1200
    Omaha, NE 68124
    (402) 391-6777
    (402) 390-9221 (facsimile)
    sjochim@crockerlaw.com

Attorneys for Third-Party Defendant

# EXHIBIT "A"

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| HEALTHY COMPANION CORP., a Nevada corporation, PALA-TECH LABORATORIES INC., a Nebraska corporation, QUALITY ANIMAL CARE MANUFACTURING, INC., a Nebraska corporation,<br><br>Plaintiffs,<br><br>v.<br><br>RAYMOND L. COOPER, Individually,<br><br>Defendant/Third Party Plaintiff,<br><br>v.<br><br>DANIEL BOLTON, Individually,<br><br>Third Party Defendant. | Case No. 4:14-cv-3176-JMG-CRZ<br><br>**ACKNOWLEDGEMENT** |

I, _____, do hereby acknowledge that I have received and read a copy of the attached Stipulated Protective Order, and I agree to be bound by the terms of the Order, and to be subject to the jurisdiction of this Court for enforcement of all terms of the Order and for judicial action for any violation of the Order.

DATED this _____ day of _____ 201\_.

_____
Relationship to this lawsuit: _____

STATE OF _____ )
                       ) ss.
COUNTY OF _____ )

Subscribed and sworn to before me this _____ day of _____ 201\_.

_____
Notary Public

4812-8347-7026, v. 1

16